

**NUMBER 13-07-548-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ANTONIO CORTEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS ,** | **Appellee.** |

**On appeal from the 28th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

A jury found appellant, Antonio Cortez, guilty of one count of felony driving while

intoxicated[1] and one count of intoxication assault.[2] The trial court assessed a sentence of

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003); *id.* § 49.09(b)(2) (Vernon Supp. 2008) (providing that an offense under § 49.04 "is a felony of the third degree if it is shown . . . that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while

ten years' imprisonment.[3]  By two issues, appellant contends that:  (1) comments by the trial court constituted fundamental error; and (2) he was denied due process and a fair trial when the trial court overruled his objection to a question the prosecutor asked a witness.

## I. BACKGROUND

As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it.[4]

## II. TRIAL COURT'S COMMENTS

By his first issue, appellant argues that the trial court made comments to the jury that:  (1) violated article 38.05 of the code of criminal procedure;[5] and (2) constituted fundamental error.[6]  The State contends that appellant did not preserve error because he did not object to the trial court's remarks.

In its opening remarks to the jury, the trial court stated that it would explain how the criminal trial would proceed in this case.  The trial court explained, among other things, that:  (1) it would read instructions to the jury; (2) the State would read the indictment; (3)

---

intoxicated").

[2] *See id.* § 49.07(a)(1) (Vernon Supp. 2008); *id.* § 49.07(c) (establishing that an offense under section 49.07 is a third degree felony).

[3] *See id.* § 12.34 (Vernon 2003) (providing that the punishment range for a third degree felony is imprisonment of two to ten years, plus an optional fine of $10,000).

[4] *See* TEX. R. APP. P. 47.4.

[5] *See* TEX. CODE CRIM. PROC. ANN. art 38.05 (Vernon 1979).

[6] *See Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (en banc) (plurality opinion) (concluding that the appellant was not required to object to the trial court's improper comments to preserve error because the comments rose to the level of fundamental error).

the defendant would enter his plea; (4) both sides would present an opening statement; (5) the State would present testimony; (6) the defendant would have an opportunity to present evidence if he decided to do so; (7) the defendant would rest his case; (8) the State would have an opportunity to present rebuttal evidence; (9) when both sides completed presenting evidence, the trial court would read the charge to the jury; (10) each attorney would argue its case to the jury; and (11) the jury would begin deliberations.  The trial court then stated, "*If* the jury reaches a verdict, you will be returned back into the courtroom so the verdict may be read in open court.  *If* the jury reaches a verdict, then at that point, your duty will be completed, since the Court will be assessing punishment on this case and you will be discharged."  (Emphasis added).

Appellant first argues that the trial court's comments violated article 38.05; however, appellant did not make a timely objection to the trial court pursuant to article 38.05.[7] Therefore, he has not preserved this issue for appellate review.[8]

Relying on *Blue v. State*, appellant next argues that it was fundamental error when the trial court stated, "*If* the jury reaches a verdict, then at that point, your duty will be completed, since the Court will be assessing punishment on this case and you will be

---

[7] *See Moore v. State*, 907 S.W.2d 918, 923 (Tex. App–Houston [1st Dist.] 1995, pet. ref'd) (holding that "the article 38.05 right to prohibit the judge from commenting on the weight of the evidence or conveying his opinion of the case . . . is . . . forfeitable by inaction"); *see also Wead v. State*, No. 13-00-015-CR, 2005 Tex. App. LEXIS 5643, at *3-4 (Tex. App.–Corpus Christi July 21, 2005, no pet.) (not designated for publication) (setting out that "an objection is required to preserve an article 38.05 argument for appellate review") (citing *Moore*, 907 S.W.2d at 923); *see also* TEX. R. APP. P. 33.1.

[8] *See Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App–Austin 2008, pet. ref'd) (concluding that appellant did not preserve error because he did not make a timely objection to the trial court's comments and that an article 38.05 objection is forfeited by inaction); *Davis v. State*, 177 S.W.3d 355, 363 (Tex. App.–Houston [1st Dist] 2005, no pet.) (en banc) (determining that appellant failed to preserve error concerning a complaint that the trial court commented on the weight of the evidence because his trial objection was not timely).

discharged."[9] (Emphasis added). We disagree. There is no majority opinion in *Blue*, therefore it is not binding precedent.[10] However, even if it were, it would not affect our analysis. The trial court was explaining the procedure that would be followed *if* the jury returned a verdict—guilty or not guilty. The record reveals that appellant elected for the trial court to assess punishment. Therefore, the trial court correctly informed the jury that the trial court would be assessing punishment. The trial court's comments did not imply that it believed that appellant was guilty, as appellant argues. We conclude that the trial court's comments did not constitute fundamental error because the comments did not taint the presumption of innocence.[11] Accordingly, we overrule appellant's first issue.

### III. PROSECUTOR'S CONDUCT

By his second issue, appellant contends that the trial court erred when it overruled his objection to alleged improper testimony by the prosecutor during the redirect examination of Mercy Armenta, a witness for the State. Appellant cites the following colloquy:

[Prosecutor]:     Do you remember telling me that [appellant] was driving, you just don't want to get him in trouble?

---

[9] *See Blue*, 41 S.W.3d at 132-33 (concluding that the appellant was not required to object to the trial court's improper comments to preserve error because "the judge's comments imparted information to the venire that tainted the presumption of innocence").

[10] *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (explaining that even if it were bound to follow the plurality opinion of *Blue*, the trial court's comments did not rise to the level of fundamental error); *Peavey*, 248 S.W.3d at 471 ("The plurality opinion in *Blue* is not binding precedent that must be followed.").

[11] *See Jasper*, 61 S.W.3d at 421 ("None of the trial judge's comments rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury."); *Hernandez v. State*, 507 S.W.2d 209, 211 (Tex. Crim. App. 1974) (concluding the trial court's statement, "That's fine. You can try that on appeal." did not rise to the level of fundamental error and could have been corrected with a jury instruction to disregard).

4

[Armenta]:          No, I never—

Defense counsel objected stating, "I'm going to object that's making him [the prosecutor] a witness." The trial court overruled the objection. Then the following exchange occurred:

[Prosecutor]:       So you don't recall that?

[Armenta]:          No, I have never done that.

[Prosecutor]:       The very first time we met?

[Armenta]:          No.

[Prosecutor]:       And I asked you if you were intoxicated when some of the staff smelled [sic] you of drinking here at the courthouse?

[Armenta]:          No.

[Prosecutor]:       And you told me, no, you weren't intoxicated?

[Armenta]:          No.

[Prosecutor]:       And you told me he couldn't get in trouble--

[Armenta]:          I never said that.

[Prosecutor]:       That he was driving. And--

[Armenta]:          I never said that.

Here, when the prosecutor again stated that Armenta told him that appellant was driving and could not get in trouble, appellant did not object to the prosecutor's remarks.[12] Therefore, appellant did not preserve error because he did not object every time the allegedly inadmissible evidence was offered.[13] We overrule appellant's second issue.

---

[12] *See* TEX. R. APP. P. 33.1.

[13] *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc) (providing that overruling an objection to evidence will generally not result in reversal when other evidence of the same fact was received, either before or after the complained of ruling); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.

### III. Conclusion

We affirm the trial court's judgment.

_____
LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and filed
this the 13th day of August, 2009.

---

Crim. App. 1991) ("[I]t is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered."); *see also Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (concluding that the appellant waived any complaint to the trial court's alleged improper remarks because he did not renew his objection when the trial court repeated the complained of remarks virtually verbatim).